**SO ORDERED.**

**SIGNED this 8th day of April, 2019.**



_____
Robert E. Nugent
United States Bankruptcy Judge
_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| **KENNETH DWAYNE ACORD** | Case No. 18-10155 |
| Debtor. | Chapter 7 |
| **DEBRA L. WADE,** | |
| Plaintiff, | Adv. No. 18-5045 |
| vs. | |
| **KENNETH DWAYNE ACORD,** | |
| Defendant. | |

<u>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>

1

Non-support debts to former spouses incurred in the course of a divorce proceeding or in connection with a divorce decree are excepted from chapter 7 discharges under 11 U.S.C. § 523(a)(15). Debra Wade obtained a judgment from a divorce court in Montana for spousal maintenance she overpaid her ex-husband, Kenneth Acord. Montana law automatically terminates spousal maintenance obligations when the recipient remarries or dies. Unaware that Acord had remarried, Wade paid him $37,500 after his marriage. When she discovered Acord had remarried, she sought relief from the Montana court that presided over the couple's divorce. Wade was granted a judgment for the $37,500, along with interest and attorney fees. When Acord filed his chapter 7 bankruptcy case here, she filed a complaint to except the Montana judgment from his discharge under § 523(a)(15).[1] After discovery closed, she filed a motion for partial summary judgment. Because Acord's overpayment debt is a debt to a former spouse that is not a domestic support obligation and was incurred in the course of a divorce or in connection with a divorce decree, it is excepted from his discharge under § 523(a)(15). Wade's motion should be granted.[2]

Facts[3]

---

[1] Wade also sought relief under §§ 523(a)(2)(A) and (a)(6). This ruling renders consideration of those claims unnecessary.

[2] Debra Wade appears by her attorney Nicholas R. Grillot. Kenneth Acord appears by his attorney Don W. Riley. This is a core proceeding over which the bankruptcy court has subject matter jurisdiction. *See* 28 U.S.C. §§ 1334, 157(a), and 157(b)(1) and (2)(I).

[3] The following recitation is based upon the stipulations in the Pretrial Order, doc. 23, § 6, the uncontested statement of uncontroverted facts filed by Wade, doc. 36, and several of the defendant's additional uncontroverted facts, doc. 40. All docket references are to the adversary proceeding unless otherwise noted.

**2**

Wade and Acord married in 1988 and were divorced in Montana in 2010.[4]  In

the Montana proceeding, the court entered a decree of divorce that incorporated a

Marital and Property Settlement Agreement (MPSA) executed by the parties.[5] The

MPSA set out a detailed division of the parties' personal and real property, both in

cash and kind, and specifically provided that Wade pay Acord spousal

maintenance.[6] The entire Spousal Maintenance paragraph reads:

> Wife shall pay $2500.00 per month to Husband as and for spousal
> maintenance for forty-eight months on the fifteenth of every month
> beginning January 15, 2011. The parties agree that this provision shall
> be non-modifiable pursuant to MCA § 40-4-201(6) (2009).[7]

Wade made all of the payments.

After the divorce, Wade lived and worked in Montana, while Acord moved to

Kansas. Unbeknownst to Wade, Acord remarried in 2013. She continued to make,

and he continued to accept the payments. Wade did not learn of Acord's marriage

until 2017.[8] Montana law provides that "*Unless otherwise agreed in writing or*

*expressly provided in the decree*, the obligation to pay future maintenance is

terminated upon the death of either party or the remarriage of the party receiving

---

[4] Doc. 36-1. The divorce proceeding was filed in the Eleventh Judicial District Court in
Flathead County, Montana, Cause No. DR-10-126C.
[5] *Id.* at p. 3, ¶ 2.
[6] Doc. 36-2.
[7] *Id.* at p. 4-5, ¶ M.  The referenced Montana statute—§ 40-4-201(6) encourages amicable
settlement of marital disputes, deals with separation agreements and their incorporation in
divorce decrees. It provides that, subject to certain exceptions not applicable here, "the
decree may expressly preclude or limit modification of terms set forth in the decree if
provided for in the separation agreement."  That statute has no bearing on this Court's
dischargeability ruling.
[8] Acord's subsequent wife contacted Wade, apparently to commiserate.

maintenance."[9] After Wade learned of Acord's marriage, she pursued contempt proceedings against him and sought an order to show cause from the Montana divorce court.[10]

Filed on November 7, 2017, Wade's motion was scheduled for hearing on December 13. She made several attempts to personally serve Acord. He admits that, in October of 2017, he received a letter notifying him that she would pursue reimbursement of the overpayment in the Montana courts. Acord hired Montana counsel in November. That attorney advised Acord that he should file bankruptcy in Kansas. The December hearing was postponed to January 10, 2018. According to the order entered that day, Acord's counsel withdrew, and Acord failed to appear.[11] Acord says that he didn't defend the Montana motion because he was in rehabilitation, had financial problems, and believed that the overpayment debt could be discharged in bankruptcy.[12]

At the January 10 hearing, the Montana court found that Wade had overpaid Acord $37,500 and ordered Acord to repay her that amount, interest from the date each payment was made, as well as her attorney's fees and expenses.[13] That order was not appealed. Acord hired his present Kansas counsel on January 19, 2018 and, on February 7, 2018, filed his chapter 7 petition. Wade timely filed her dischargeability complaint in May, asserting three exceptions to discharge, §

---

[9] MONT. CODE ANN. § 40-4-208(4) (West 2018). Emphasis added.
[10] Doc. 36-4. Note that this relief was pursued in their divorce case, Cause No. DR-10-126C.
[11] Doc. 36-5.
[12] Generally, Doc. 40, pp. 8-11.
[13] Doc. 36-5, p. 2.

**4**

523(a)(2)(A) actual fraud, § 523(a)(6) willful and malicious damage, and § 523(a)(15) non-support divorce debt. She moves for summary judgment on the first and third counts.[14]

Analysis

*Summary Judgment Standards*

A motion for summary judgment may be granted where the movant shows that no genuine dispute as to any material fact exists and the movant is entitled to judgment as a matter of law on those uncontroverted facts.[15]  Facts are material if they are essential to the proper disposition of the claim under the applicable law and a fact is genuinely disputed if there is sufficient evidence from which the trier of fact could resolve the issue for the non-movant.[16] In reviewing the factual record, the Court must draw all reasonable inferences in favor of the non-movant.[17] The moving party has the initial burden to demonstrate the absence of genuine disputes of fact by reference to materials in the record -- pleadings, depositions, discovery responses, or affidavits.[18] The non-movant must specifically controvert each of the movant's statements of material fact with like reference or citation to the record or the fact may be deemed "undisputed," or "admitted."[19]  Even if the movant's facts are admitted, the movant must demonstrate, based upon those facts, that it is

---

[14] Doc. 35.
[15] Fed. R. Civ. P. 56(a) as incorporated in adversary proceedings by Fed. R. Bankr. P. 7056.
[16] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).
[17] *Adler v. Wal-Mart Stores, Inc.,* 144 F. 3d 664, 670 (10th Cir. 1998).
[18] Fed. R. Civ. P. 56(c)(1) and (4); D. Kan. L.B.R. 7056.1(a) and (d).
[19] Fed. R. Civ. P. 56(c)(1) and (e)(2); D. Kan. L.B.R. 7056.1(a), (b) and (d).

**5**

entitled to summary judgment as a matter of law.[20] No material facts are in
controversy here.

> *Acord's defenses and the nature of Acord's debt*

Acord resists summary judgment under a variety of theories that can be
boiled down to these. He argues that the overpayment debt was not properly
denominated spousal maintenance in the Montana divorce decree and therefore not
protected by § 523(a)(15). He argues that notwithstanding the Montana termination
statute, by specifying a term for the payment of spousal maintenance in the MPSA,
the parties expressly overrode the termination-on-marriage statute. He also claims
that because he was physically incapable of appearing at the January 2018
Montana hearing, he was denied an opportunity to defend the show cause motion,
giving this Court a way to avoid the Montana overpayment judgment's otherwise
preclusive effect.

Acord misapprehends the nature of the overpayment debt. The debt in
question was determined by the Montana court's January 10, 2018 order in the
divorce case that found Wade had overpaid spousal maintenance and directed him
to repay the overpayment and to reimburse Wade's attorney fees. That order is final
and, like the original divorce decree, is entitled to be given full faith and credit. This
Court need not (and should not) look behind either the divorce decree or the
overpayment order. Acord's remedy for any perceived errors of procedure or
substance was to appeal. Acord's claim that the spousal maintenance obligation was

---

[20] Fed. R. Civ. P. 56(e)(3); *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).

**6**

wrongly denominated in the divorce case doesn't help him here, particularly in light of the uncontroverted factual record.[21]

Acord stipulated not only that he remarried fifteen months before the spousal maintenance term expired, but also that, by Montana statute, his new marriage terminated Wade's obligation to him.[22] He also stipulated to the MPSA's contents.[23] Nothing in that document "expressly" overrides MONT. CODE ANN. § 40-4-208's automatic termination provision. He further stipulated that the Montana state court found that when he remarried in October of 2013, Wade's duty to pay him ended and fixed the amount of his overpayment debt which is the basis of her claim.[24]

Finally, Acord's plea for the Court to exercise its equitable powers under §105(a) to discharge his overpayment debt is also to no avail. Section 105(a) cannot be used to contravene or override the explicit statutory language of § 523(a)(15).[25] Nothing in this discharge exception permits the Court to consider and balance the equities of the case in determining whether the overpayment debt should be declared nondischargeable under § 523(a)(15).[26] In short, the debt is nondischargeable if it satisfies § 523(a)(15)'s criteria.

---

[21] Because the material facts in this case are either stipulated to or uncontroverted by Acord, there is no need to consider the parties' issue preclusion arguments.

[22] Doc. 40, p. 3 at ¶s 9, 12

[23] Doc. 23, p. 4 and Doc. 40, p. 2 at ¶s 5, 6.

[24] Doc. 40, p. 4-5 at ¶s 18, 19.

[25] *See Law v. Siegel,* 571 U.S. 415, 421 (2014).

[26] The balancing test previously available for the § 523(a)(15) discharge exception was eliminated by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. *See In re Taylor,* 737 F.3d 670, 680 (10th Cir. 2013).

**7**

*§ 523(a)(15) discharge exception for non-support divorce debt*

Section 523(a)(15) excepts from discharge divorce debts, other than those for domestic support,[27] that are—(1) owed to the debtor's former spouse; and (2) incurred in the course of divorce proceedings; or (3) in connection with a divorce decree. In a nearly identical case, the Tenth Circuit Court of Appeals held that debts for overpayment of domestic obligations, even those for support, fall into this category of nondischargeable debts.[28] In *In re Taylor*, the husband was ordered to pay monthly support to his ex-wife in a Virginia divorce case. As in Montana, Virginia law provides that a former spouse's maintenance obligation terminates upon the recipient's remarriage or cohabitation. After learning of his wife's cohabitation, the husband obtained a judgment in the Virginia domestic court for repayment of overpaid support. When the wife filed bankruptcy, the husband sought to except the overpayment judgment from discharge claiming it was a domestic support obligation under § 523(a)(5). The bankruptcy court dismissed the complaint. On appeal, the Tenth Circuit held that a judgment for overpayment of support doesn't qualify as a domestic support obligation under § 101(14)(A)(i) because it is not "in the nature of alimony, maintenance or support…of *such spouse*."[29] The Circuit concluded that "such spouse" means the spouse receiving the support, not the creditor who has overpaid it.[30] The overpayment judgment in

---

[27] Nondischargeability of debts for domestic support obligations is governed by a separate discharge exception, § 523(a)(5).
[28] *In re Taylor,* 737 F. 3d 670 (10th Cir. 2013).
[29] *Id.* at 679 (quoting and emphasizing language of § 101(14)(A)(i)).
[30] *Id.*

*Taylor* was not intended as "support" for the husband and therefore couldn't be

excepted from the wife's discharge under § 523(a)(5). Rather, the Circuit found that

the overpayment debt was one owed to a former spouse that had been incurred in

connection with a separation agreement or divorce decree. In so doing, it dismissed

the wife's argument that § 523(a)(15) was only intended to protect dependent

spouses' rights under property settlements or decrees. The Court stated—

> It is not unthinkable that Congress would place importance on all
> marital obligations, regardless of whether the debt was owed to or by
> the dependent spouse—even above the need for the debtor's fresh
> start.[31]

Just as the wife's cohabitation terminated her right to support in *Taylor*,

Acord's remarriage terminated his right to support from Wade. Nevertheless, he

accepted another $37,500 in payments from his unsuspecting former spouse. Like

the husband in *Taylor*, Wade obtained a judgment from the divorce court directing

Acord to reimburse Wade for her overpayment. His debt to her falls squarely within

§ 523(a)(15)'s terms: it is a debt to a former spouse that is not for support of that

spouse and Acord incurred the overpayment debt in connection with a divorce

decree. Accordingly, it is excepted from Acord's discharge.

*Conclusion*

Having established that Acord's overpayment debt is excepted from discharge

under § 523(a)(15) as a matter of law, there is no need to consider summary

judgment on the fraud count nor try the malicious damage count. Wade is entitled

---

[31] *Id.* at 682.

to summary judgment on her § 523(a)(15) claim and the motion is GRANTED. A judgment on decision will issue.

# # #
